# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MUIR HEALTH,<br><br>　　　Plaintiff,<br><br>v.<br><br>HIGHMARK BLUE CROSS BLUE SHIELD,<br><br>　　　Defendant. | CASE NO.: 2:22-cv-728<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(c) (FEDERAL QUESTION JURISDICTION)<br><br>ALLEGHENY COUNTY COURT OF COMMON PLEAS<br>NO: GD-22-004247 |

## DEFENDANT HIGHMARK BLUE CROSS BLUE SHIELD'S NOTICE OF REMOVAL

Defendant Highmark Inc. (named as Highmark Blue Cross Blue Shield) ("Highmark"), by and through its undersigned attorneys, Reed Smith LLP, hereby respectfully removes Case No. GD-22-004247 from the Allegheny County Court of Common Pleas to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Removal of this action is proper because federal question jurisdiction exists, given that the Plaintiff, John Muir Health, seeks to recover healthcare benefits that are governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). In support of this Notice of Removal, Highmark alleges as follows:

### I.　　BACKGROUND

1.　　On April 13, 2022, Plaintiff filed a Complaint (the "Complaint") in the Allegheny County Court of Common Pleas, Case No. GD-22-004247. (*See* Exhibit 1). Highmark was served with the Complaint on April 21, 2022. Accordingly, removal is timely under 28 U.S. Code § 1446(b).

2. The Complaint contains two purported causes of action for breach of implied-in-fact contract and for quantum merit. (*Id*.) Specifically, Plaintiff alleges that it provided medically necessary treatment to beneficiaries of Highmark health plans and that Highmark failed to pay in full for those services. (*Id*. at ¶¶ 8-16.) Plaintiff does not provide the names of any insureds in its Complaint, but Defendant's independent investigation reveals that at least 15 of the claims at issue involve plans governed by ERISA.[1] (*See* Declaration of Cecelia Rene Halligan ("Halligan Decl."), attached as Exhibit 2, at ¶ 4.)

3. Because Plaintiff appears to be suing for recovery of benefits under plans governed by ERISA § 502(a)(1)(B), this case is removable under 28 U.S.C. § 1441.

## II. FEDERAL QUESTION JURISDICTION

4. This case has been removed to federal court because it involves claims by Plaintiff related to benefits provided under healthcare benefit plans that are governed by ERISA, and thus Plaintiff's claims are preempted by ERISA.

5. The United States District Court for the Western District of Pennsylvania has original jurisdiction over Plaintiff's causes of action under 28 U.S.C. § 1331, in that federal question jurisdiction exists, and Highmark may remove the action to this Court under 28 U.S.C. § 1441.

6. Federal question jurisdiction exists when state-law claims are completely preempted by Section 502(a) of ERISA. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004).

7. Section 502(a) of ERISA completely preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because such a cause

---

[1] Highmark is not providing the full names of these insureds in this pleading to protect their personally identifiable information. Highmark will provide the insureds' names and policy information to Plaintiff after a protective order is entered.

of action "conflicts with the clear congressional intent to make the ERISA remedy exclusive…." *Id.* "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Id.* at 210.

8. As a result, complete preemption under Section 502(a) is "an exception to the well-pleaded complaint rule," and a case may be removed to federal court even though the petition does not assert a cause of action under federal law if the plaintiff asserts a state-law cause of action that duplicates, supplements or supplants the remedies provided by ERISA. *Id.* at 207-08.

9. The healthcare benefits that Plaintiff seeks to recover are provided through "employee welfare benefit plans" that are subject to ERISA. ERISA's provisions apply to any "employee benefit plan" that is "established or maintained … by any employer engaged in commerce or in any industry or activity affecting commerce…." 29 U.S.C. § 1003(a)(1). ERISA defines an "employee benefit plan" (or "plan") as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). ERISA in turn defines an "employee welfare benefit plan" as "any plan, fund, or program … established or maintained by an employer … for the purpose of providing … benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

10. Here, the healthcare benefits Plaintiff seeks to recover were provided through employee welfare benefit plans governed by Section 502(a) of ERISA. Halligan Decl., ¶ 4.

11. Plaintiff alleges that Highmark breached its obligations under the plans by failing to pay claims for those healthcare benefits. Thus, Plaintiff's causes of action are entirely based upon Highmark's alleged obligations under the plans, which, as demonstrated above, are "employee welfare benefit plans" governed by ERISA.

12. Because Plaintiff's causes of action "derive entirely from the particular rights and obligations established by" the Plan, they are completely preempted by Section 502(a) and removable to federal court. *Davila*, 542 U.S. at 213-14; *see also Menkes v. Prudential Ins. Co. of America*, 762 F.3d 285, 293-297 (3d Cir. 2014) (state law claims were held to be properly dismissed under ERISA because the claims related to the administration of an ERISA-regulated plan).

13. Therefore, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1131 and 29 U.S.C. § 1132(a).

### III. ADDITIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

14. Venue is proper in this Court because the action is being removed from the Allegheny County Court of Common Pleas, which lies in Allegheny County Pennsylvania, within the Western District of Pennsylvania.

15. Pursuant to 28 U.S.C. § 1446(d), Highmark will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk for the Allegheny County Court of Common Pleas, where the Complaint was filed.

16. Pursuant to 28 U.S.C. § 1446(a), Highmark has included copies of all process, pleadings, and orders on file with the state court to this Notice. (Ex. 1.)

Wherefore, Defendant hereby removes this action to the United States District Court for the Western District of Pennsylvania.

DATED: May 16, 2022

**REED SMITH LLP**

/s/ *William J. Sheridan*
William J. Sheridan
Pa. Bar No. 206718

Gregory Vose
Pa. Bar No. 324912
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel. 412.288.3131
Fac. 412.288.3063
wsheridan@reedsmith.com
gvose@reedsmith.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system.  I also certify that a copy of the foregoing instrument was served upon the attorneys of record for the Plaintiff via U.S. Mail.

This 16th day of May, 2022.

             /s/*Gregory Vose*
             Gregory Vose

             *Counsel for Defendant*

**Copies Forwarded To:**

Karlene Rogers-Aberman
303 North Glenoaks Blvd.
#700 Burbank, CA 91502-3226

**Attorney for Plaintiff**